Chief Judge Desmond.
Defendant was convicted of murder first degree and sentenced to death. The proof was sufficient to justify the verdict. Of the several alleged errors argued by his counsel, one only need be examined.
Defense counsel requested an instruction to the jury “ that although intoxication is no defense, the defendant may have been so intoxicated as to be unable to form a specific intent to *7 commit the crime charged.” The court refused so to charge, ‘ ‘ because there is no evidence in this case from which the Court could conceivably come to a finding of the defendant being intoxicated.” The court went on to say that while there was evidence that defendant “ imbibed a certain amount of liquor ” that was not sufficient. The defense took an exception. The prosecutor argues to us that the request itself was not in proper form since it asked the court to make a ruling on facts (“ may have been so intoxicated ”). On oral argument before us he conceded that if a proper request had been made an instruction as to intoxication as bearing on intent should on this record have been given to the jury (Penal Law, § 1220; People v. Koerber, 244 N. Y. 147, 153-155).
The request, although imperfectly phrased, was adequate and it is certain that the court understood its import and refused it solely because, so the court thought, there was no evidence of intoxication. The District Attorney on argument here seemed to concede that there was such evidence. We summarize it briefly.
Wallace Wood, in whose home defendant met deceased, had testified that he brought home a fifth of whiskey that evening and that Wood and deceased “ had been drinking ” before defendant arrived at the Wood house. Wood said, describing an argument between deceased and defendant, that ‘ ‘ we were drinking whiskey ” and after the argument stopped “we start drinking again ”. Wood said that he did not know how much defendant drank but that the three consumed all the whiskey although some of it before defendant arrived. The witness did not notice that defendant staggered when he left the house. The People put into evidence oral admissions made by defendant to a police officer including defendant’s statements that after dinner he had several drinks in a bar and that he then took a walk during which he met friends on the street and had a few drinks out of a bottle they proffered. A hypothetical question to the prosecution’s witness Dr. Winkler had recited the consumption by the three men of the fifth of whiskey. A hypothetical question to defense witness Dr. La Burt had assumed that there actually took place all the drinking described in defendant’s statements as well as in Wood’s testimony. More important on this issue are the numerous references in the medical testimony to “ patho *8 logical intoxication ” and to the dire effect on a man in defendant’s condition of drinking even a little whiskey. Also, the detectives testified to a strong smell of alcohol on defendant’s breath, even some hours after the crime. Both counsel summed up to some extent as to intoxication but the court never mentioned it in connection with intent.
We hold that the trial court’s refusal to charge as requested was, especially because this is a capital case conviction, grave error.
The judgment should be reversed and a new trial ordered.
Judges Dye, Fuld, Van Voorhis, Burke and Bergan concur; Judge Scileppi taking no part.
Judgment of conviction reversed and a new trial ordered.