■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZEPHYNIA FERGUSON, Appellant.—Judgment unanimously modified, on the law and facts, to reverse the conviction for grand larceny, third degree, under subdivision 5 of section 155.30 of the Penal Law, and for petit larceny, and dismiss Counts Nos. 23, 24 and 25 of the indictment, and, as modified, judgment affirmed. Memorandum: The four defendants herein were each convicted under a 25-count indictment of multiple counts of robbery in the first and second degrees, criminal possession of a weapon, second degree, three counts of grand larceny, third degree, and one count of petit larceny. They were each sentenced to 3½ years to 20 years on each count of robbery, first degree, to 3½ to 15 years for robbery, second degree and for criminal possession of a weapon, second degree to one year to three years for the grand larcenies, third degree, and one year for petit larceny, all to run concurrently. On this appeal they each assert eight alleged errors or misconduct as ground for reversal, and defendant Ferguson asserts three additional counts for reversal. Defendants' contention that the lineup for their identification, held directly after their arrests and only a few hours after the crime, was improper and deprived them of a fair trial is without merit. Although there could have been a better lineup, under the circumstances it was good police work to conduct this one promptly. The in-court identification of the defendants was not tainted by the lineup. The indepen-

dent evidence of the participation of each of these defendants in this crime was so strong and compelling that any possible error at the lineup was harmless with respect to the trial. The police had ample probable cause to arrest and search defendant Ferguson, found hiding under a car near the scene of the abandoned getaway automobile. His possession of papers just taken from a victim of the robbery, surely clinched his identity as one of the robbers and supplemented the eyewitness identification of him by Mr. Carter who pursued the robbers as they fled. Defendants contend that the court erred in failing to charge the jury concerning the factors to be considered by them in evaluating identification evidence. This point, however, was not preserved for our review by a request to the court or an exception. An attorney for one defendant did mention the subject to the court, and some colloquy followed between them, but counsel moved on to another subject without requesting the court to make additional charge. The court did not refuse to add to its charge—it merely did not do so. And no exception thereto was taken. These facts distinguish this case from *People v Jackson* (14 NY2d 5), relied upon by the court in *People v Gardner* (59 AD2d 913). Although the court reduced Count No. 23 of the indictment for grand larceny, third degree, to petit larceny, the clerk's minutes state that the jury convicted the defendants of grand larceny, third degree, on this count. Nevertheless, the record is clear that the court correctly submitted this count to the jury as for petit larceny, and that the verdict in fact was a conviction of these defendants of petit larceny under this count. In addition, defendants properly contend that the convictions under Count No. 23 and also Count No. 24 of grand larceny in the third degree (Penal Law, § 155.30, subd 5) and petit larceny under Count No. 25 must be reversed and those counts of the indictment dismissed because these crimes are lesser included crimes of robbery, of which defendants were convicted *(People v Acevedo,* 40 NY2d 701, 706-707; *People v Grier,* 37 NY2d 847; *People v Thorpe,* 54 AD2d 743). In view of the seriousness of this planned group robbery with the use of a shotgun and a getaway car, the sentences imposed were not excessive. Nor do we find merit in defendants' other contentions. If there were any error therein, it would be harmless in light of the strong proof of defendants' guilt (see *People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Monroe County Court—robbery, first degree, and other charges.) Present —Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.