■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WOOD, Appellant.—Judgment unanimously modified, on the law and facts, to reverse the conviction for grand larceny, third degree, under subdivision 5 of section 155.30 of the Penal Law, and for petit larceny, and dismiss Counts Nos. 23, 24 and 25 of the indictment, and, as modified, the judgment affirmed. Same memorandum as in *People v Ferguson* (73 AD2d 817). (Appeal from judgment of Monroe County Court—robbery, first degree, and other charges.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WAYLAND GROVER, Appellant.—Decision reserved, case held, and matter remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Although the defendant denied making any confession, he "was entitled to full inquiry into the voluntary nature of his purported confession" *(People v Wright,* 21 NY2d 1011, 1012). As the District Attorney acknowledges, the trial court improperly denied defendant's request for a *Huntley* hearing *(People v Brown,* 44 AD2d 769; see, also, *People v Murchinson,* 63 AD2d 655). While defendant argues that he was incapable of validly waiving his rights, the mental capacity of the accused is a factor to be considered in determining whether he knowingly, intelligently and voluntarily waived his rights prior to making a statement, and "mild or moderate mental retardation is not, by itself invalidating" *(People v Brown,* 66 AD2d 158, 160; *People v Tigner,* 48 AD2d 762). Defendant further argues that his statement should have been suppressed pursuant to *Dunaway v New York* (442 US 200) because he was detained without probable cause for police interrogation. The record reflects insufficient facts to permit this court to make its own findings concerning the probable cause issue. A factual hearing must be held to determine the nature of defendant's detention, in the event there was a detention whether there was probable cause for the detention, and in the event there was a detention and probable cause is not found for such detention whether the making of the confession was rendered infirm by the illegal arrest *(Dunaway v New York, supra; Brown v Illinois,* 422 US 590). (Appeal from judgment of Monroe County Court—arson, fourth degree.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.