■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. ALLEN, Appellant. — Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered June 28, 1982, upon a verdict convicting defendant of the crimes of sodomy in the third degree (one count), sodomy in the second degree (one count), sexual abuse in the third degree (one count) and unlawfully dealing with a child (three counts). Defendant was charged in a nine-count indictment with sodomy, sexual abuse and unlawfully dealing with a child, arising out of allegations concerning his sexual activities with four different children ranging in ages from 12 to 15, and also providing them with beer. These activities are alleged to have occurred at his apartment, or more particularly in the den of that apartment, in the City of Hudson on four

different dates, December 19, 1980, December 24, 1980, July 23, 1981 and August 15, 1981. The details of the course of events on these dates were supplied by the four infant witnesses, and the jury has assessed their credibility and their versions as evidenced by their verdict of guilty on six counts and not guilty on two counts. One count was dismissed prior to submission of the case to the jury. On this appeal, defendant raises the issue of sufficiency of the evidence, which, in large part, is founded upon the claim of lack of corroboration of the sodomy charges against him (Penal Law, § 130.16). While the various deviate sexual acts took place in the privacy of defendant's den, behind a locked door, there was, in each instance, a consistent pattern of events. In a remarkably similar factual setting, this court recently held that necessary corroboration can be supplied by circumstantial evidence and a pattern of common design or *modus operandi* (*People v Ahlers*, 98 AD2d 821; see *People v Fielding*, 39 NY2d 607, 612). Here, on each occasion, defendant appeared in his apartment attired only in red and blue bikini shorts; the children were supplied with beer prior to or contemporaneously with their seclusion with defendant; money, ranging from $2 to $2.95, was offered to the victims; defendant instigated the secluded meetings; and the victims were all close friends with defendant's son, who resided with him in the apartment. Moreover, the events of December 19, 1980 were further corroborated by the testimony of a witness present in the apartment, who described the appearance of one victim emerging from the den after a one and one-half hour period as "kind of red in the face", a victim who, as defendant later testified, was reported to have had prior sexual contact with other men. Examining the record in its entirety, we are of the view the statutory elements for corroboration and proof tending to connect defendant with the commission of the crime have been demonstrated (*People v Pepper*, 89 AD2d 714, affd 59 NY2d 353). Numerous other charges of trial error are argued by defendant in seeking reversal of this and his other convictions. We deem them to be insufficient. The People's witnesses were, indeed, difficult, inarticulate and hardly model youths of average intelligence. The offer of prior testimony to rehabilitate prosecution witnesses after impeachment was necessary and within the limits permitted by law (CPL 60.35; *People v Fuller*, 50 NY2d 628). Additionally, references to defendant's prior incarceration, if indeed, they were heard by the jury, initially elicited by defendant's attorney on cross-examination, were unresponsive, indefinite and, in any event, cured by instructions in the trial court's charge to the jury, which was full and complete in all its phases and error free. Finally, we find no reversible error committed by the prosecutor in his summation. Defendant took the witness stand and testified freely, thus providing the opportunity for the People to comment on his failure to produce witnesses under his control (*People v Rodriguez*, 38 NY2d 95). Similarly, we find the prosecutor's comments offering the jury a choice of accepting the version presented by the People's witnesses, or that of defendant, to be within permissible limits. Judgment affirmed. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.