■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CAPLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.),

rendered June 8, 1984, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We reject defendant's claim that he was prejudiced by the failure of the People to comply with CPL 715.10 (subd 2, par [b]) with respect to destruction of the tinfoil package seized by the police which the police observed defendant transfer to another individual. CPL article 715 was enacted, *inter alia,* to combat the problem of prolonged storage of seized dangerous drugs and authorizes their destruction prior to trial on charges arising out of the possession or sale thereof under circumstances which ensure that neither the People nor the defendant will suffer prejudice by their eradication (see Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL art 715, 1983-1984 Pocket Part, p 312). At bar, defendant does not dispute the People's testimony with respect to the weight, identity or chemical analysis of the controlled substance within the tinfoil packet itself. Indeed, he concedes that it contained heroin. Rather, he contends that the destruction of the tinfoil packet containing the heroin severely prejudiced his ability at trial to impeach the testimony of Police Officer Long regarding that object's visibility under the particular circumstances occurring during the officer's surveillance of defendant. We cannot agree.

By its terms, CPL article 715 does not pertain to the destruction of evidence not having the character of a dangerous drug. Accordingly, the statute has no bearing on defendant's claim.

There is nothing inherent in the tinfoil packet itself or the circumstances of the incident which would characterize that item as exculpatory evidence and thereby give rise to a duty on the part of the prosecutor to diligently preserve it (see *Brady v Maryland,* 373 US 83; *United States v Bryant,* 439 F2d 642; *People v Saddy,* 84 AD2d 175, 178; see, also, *California v Trombetta,* 467 US __, __, 104 S Ct 2528, 2534). Moreover, the record is bereft of any indication that the packet was deliberately destroyed for the purpose of frustrating defendant's right of cross-examination (*People v Paranzino,* 40 NY2d 1005, 1006) or even that it was known to the police department or the District Attorney's Office that the evidence destroyed pertained to defendant's case (cf. *People v Saddy,* 84 AD2d 175, 179, *supra*). As defendant concedes in his brief, the destruction of the packet was not as a result of bad faith on the People's part. Further, based upon the record here, we are convinced that there is no significant possibility that the jury would have

acquitted defendant if they had had the tinfoil packet before them (cf. *People v Saddy,* 84 AD2d 175, 180, *supra*). Accordingly, we conclude that the destruction of the tinfoil packet did not deprive defendant of a fair trial.

We have considered defendant's remaining contentions and find them to be without merit. Thompson, J. P., O'Connor, Boyers and Lawrence, JJ., concur.