■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALCIDES RAMOS, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered May 28, 1986, convicting him of rape in the first degree, incest, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that certain items of physical evidence should not have been admitted during trial. Admissibility of a fungible item of evidence "generally requires that all those who have handled the item 'identify it and testify to its custody and unchanged condition' " *(People v Connelly,* 35 NY2d 171, 174, quoting *People v Sansalone,* 208 Misc 491, 493; *People v Julian,* 41 NY2d 340, 343). However, deficiencies in the chain of custody go to the weight of the evidence, not its admissibility, provided that the two basic requirements of proof of identity and unchanged condition are met *(see, People v Donovan,* 141 AD2d 835; *People v Piazza,* 121 AD2d 573). In this case, the People established an uninterrupted chain of custody with respect to the "motility washing" taken from the victim on the date of the incident. The record establishes, moreover, that the emergency room nurse's initials were on the pap smear slides introduced at trial. Additionally, the pap smear was identified with the victim's name and a number, prior to analysis. Thus, the identity of the evidence and its unchanged condition were sufficiently proven, and the evidence was properly admitted.

Nor was the defendant denied a fair trial by the People's failure to preserve the semen stains on the victim's panties *(see, e.g., Arizona v Youngblood,* 488 US —, 109 S Ct 333). "[T]he determination of an appropriate sanction [for failure to preserve evidence] should be made on a case-by-case basis, and an assessment should be made 'of the government's culpability for the loss, together with a realistic appraisal of its significance when viewed in light of its nature, its bearing upon critical issues in the case and the strength of the government's untainted proof' " *(People v Haupt,* 128 AD2d 172, 175, *affd* 71 NY2d 929, quoting *United States v Grammatikos,* 633 F2d 1013, 1020). In the instant case the record lacks any

evidence of bad faith on the part of the People *(see, Arizona v Youngblood, supra; People v Caple,* 106 AD2d 511). Moreover, the exculpatory value of the evidence was entirely speculative *(see, California v Trombetta,* 467 US 479; *People v Caple, supra).* Thus it cannot be said that the admission of this evidence was an improvident exercise of discretion by the trial court. We further note that the People's case was overwhelming, even without this evidence *(see, People v Pasciuta,* 104 AD2d 1010).

We have considered the defendant's remaining claims, including those raised in his supplemental *pro se* brief, and find them to be unpreserved or without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.