■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SCATTAREGGIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered January 23, 1984, convicting him of rape in the first degree, sodomy in the first degree (two counts) and kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for kidnapping in the second degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

We find the defendant was not deprived of a fair trial by the People's failure to preserve certain wine glasses inspected by the police during their investigation of the instant crime which the defendant contends would have corroborated his testimony at trial. The failure of the People to preserve evidentiary material of which no more can be said than that it could have been tested and the result may have helped the defendant does not violate the Brady rule (see, Arizona v Youngblood, 488 US —, 109 S Ct 333). The police do not have a duty to preserve all material that might be of conceivable evidentiary significance (Arizona v Youngblood, supra; Califor-

*nia v Trombetta,* 467 US 479; *see also, People v Alvarez,* 70 NY2d 375), especially when the exculpatory value of the evidence is purely speculative, as it is here *(see, California v Trombetta, supra; People v Ramos,* 147 AD2d 718). Furthermore, there was no showing of bad faith on the part of the People *(see, Arizona v Youngblood, supra; People v Haupt,* 71 NY2d 929; *People v Ramos, supra)* and to the extent that this evidence may have had any relevance, defense counsel pointed to its absence on cross-examination and summation and attempted to use the absence to the defendant's advantage *(see, People v Haupt, supra).*

We find, however, that the defendant is correct in his assertion that his conviction for kidnapping in the second degree should have been dismissed by the trial court as it merged into the crimes of rape in the first degree and sodomy in the first degree. A person cannot be convicted of kidnapping when the restraint used is such that a substantive crime could not have been accomplished without it and, as such, the kidnapping was only incidental to the other crime *(see, People v Geaslen,* 54 NY2d 510; *People v Cassidy,* 40 NY2d 763). The record reveals the kidnapping count was based on restraint incidental to and inseparable from the commission of the crimes of rape and sodomy *(see, People v Cassidy, supra; People v Burgess,* 107 AD2d 703). As such, an independent criminal sanction is not warranted *(see, People v Geaslen, supra; cf., People v Brown,* 112 AD2d 1087).

We find that the statements made by the prosecutor which the defendant contends constituted prosecutorial misconduct were either proper responses to the defense summation *(see, People v Corley,* 140 AD2d 536; *People v Street,* 124 AD2d 841; *People v Freeman,* 123 AD2d 784), fair comment on the evidence *(see, People v Allen,* 99 AD2d 592, *affd* 64 NY2d 979; *People v Ayala,* 120 AD2d 600), or unpreserved for appellate review.

We find no impropriety in the defendant's sentence. Contrary to his contention, there is no evidence in the record which implies that the defendant was punished for exercising his right to a trial. Although the defendant's sentence after trial was substantially greater than that offered before trial by the District Attorney as part of a plea agreement, the record reveals the lower offer was a result of the parties' pretrial bargaining positions *(see, People v Patterson,* 106 AD2d 520) and the higher sentences imposed were not a penalty for the defendant's election to proceed to trial. Rather, the ultimate sentences were based on traditional sentencing

principles *(see, People v Pena,* 50 NY2d 400; *cf., People v Cox,* 122 AD2d 487; *People v Patterson, supra,* at 520). We also find the trial court did not improvidently exercise its discretion in imposing consecutive sentences for the two sodomy counts *(see,* Penal Law § 70.25). The sentences were imposed for two acts that the record reveals were separate and distinct offenses *(see, People v Telford,* 134 AD2d 632; *People v Brown,* 66 AD2d 223).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review (CPL 470.05 [2]), or without merit. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.