■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORTON VAN ALLEN, Appellant.—Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered August 13, 1986, convicting defendant, after a jury trial, of four counts of sodomy in the second degree, four counts of sexual abuse in the second degree, two counts of sodomy in the third degree and two counts of sexual abuse in the third degree and sentencing him, as a predicate felon, to, inter alia, consecutive indeterminate terms of imprisonment of from 3 to 6 years on two of the second degree sodomy counts and concurrent terms of from 3½ to 7 years on the two remaining second degree sodomy counts, to run consecutively to the two 3-to-6-year terms, unanimously affirmed.

The defendant was charged with engaging children under the ages of 14 and 17 in deviant sexual activities. Defendant maintains that some of his alleged victims attempted to extort money from him in exchange for withholding their cooperation from the prosecution and that the People failed to corroborate the underaged victims' testimony as required by the accomplice statute (CPL 60.22; Penal Law former § 130.16). These alleged acts of extortion, however, do not make the victims accomplices of defendant with respect to the crimes for which he was tried. Defendant's criminal conduct and the alleged acts of the victims are distinct. Moreover, it cannot be said that the victims could potentially be subject to sanctions of a penal character for their participation in the crimes for which defendant was tried *(People v Fielding,* 39 NY2d 607, 610).

Although defendant claims that the People failed to meet the corroboration requirement of Penal Law former § 130.16, the Court of Appeals has held that there is no constitutional impediment to applying the new statute and convicting defendant solely on the basis of the victims' testimony, even though the charged crimes occurred before the repealing legislation became effective *(People v Hudy,* 73 NY2d 40, 44). In any event, the People established corroboration by evidence of "a pattern of common design or *modus operandi" (People v Allen,* 99 AD2d 592, 593, *affd* 64 NY2d 979).

Nor was defendant deprived of a fair trial by the prosecutor's questioning of complainants or by the trial court's reference to them as "victims". The questioning by the prosecutor elicited details of the sexual activity and served to establish defendant's modus operandi *(People v Allen, supra).* The trial court's references to the children as "complainants", "victims" and "witnesses" and in referring to them at other times by name did not prejudice defendant.

The record also fails to support defendant's contentions that he was deprived of "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147) and his choice of counsel at sentencing. Although defendant has a constitutional right to defend by counsel of his own choosing, "this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" *(People v Arroyave,* 49 NY2d 264, 271). Since defendant had ample opportunity to retain counsel prior to sentencing, it was not an improvident exercise of discretion for the court to have denied a continuance for the substitution of counsel *(supra).* Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.