■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 18, 1987, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of the rape charge beyond a reasonable doubt in view of the inconsistency between the complainant's testimony that she had been raped and the testimony of an investigating police officer to the effect that the initial complaint indicated an attempted rape. Viewing the evidence adduced at the trial in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5] ). Resolution of issues relating to credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be

disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant's contention that he was denied due process by the failure of the police to gather and preserve potentially exculpatory evidence, to wit, seminal fluid allegedly deposited on the complainant's underwear, is unpreserved for appellate review. In any event, this contention is without merit. Recently, in *People v Scattareggia* (152 AD2d 679) we said: "We find the defendant was not deprived of a fair trial by the People's failure to preserve certain wine glasses inspected by the police during their investigation of the instant crime which the defendant contends would have corroborated his testimony at trial. The failure of the People to preserve evidentiary material of which no more can be said than that it could have been tested and the result may have helped the defendant does not violate the *Brady* rule *(see, Arizona v Youngblood,* 488 US [51], 109 S Ct 333). The police do not have a duty to preserve all material that might be of conceivable evidentiary significance *(Arizona v Youngblood, supra; California v Trombetta,* 467 US 479; *see also, People v Alvarez,* 70 NY2d 375), especially when the exculpatory value of the evidence is purely speculative, as it is here *(see, California v Trombetta, supra; People v Ramos,* 147 AD2d 718). Furthermore, there was no showing of bad faith on the part of the People *(see, Arizona v Youngblood, supra; People v Haupt,* 71 NY2d 929; *People v Ramos, supra)* and to the extent that this evidence may have had any relevance, defense counsel pointed to its absence on cross-examination and summation and attempted to use the absence to the defendant's advantage *(see, People v Haupt, supra)*" *(People v Scattareggia, supra,* at 679-680).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.