■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR CALLENDAR, Appellant. [616 NYS2d 667] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered October 15, 1992, convicting him of sexual abuse in the first degree (three counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was denied due process by the loss of a rape kit prior to testing. The failure of the People to preserve evidentiary material of which no more can be said than that it could have been tested and that the result may have helped the defendant does not violate the Brady rule (see, Arizona v Youngblood, 488 US 51, 57; People v Taylor, 169 AD2d 791). "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law" (Arizona v Youngblood, supra, at 58). Here, the defendant failed to establish that the police acted in bad faith. Moreover, to the extent that this evidence may have had any relevance, defense counsel pointed to its

absence on cross-examination and summation and attempted to use the absence to the defendant's advantage *(see, People v Taylor, supra)*. Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.