■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT F. SMITH, Appellant. [638 NYS2d 115] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 10, 1993, convicting him of rape in the first degree, criminal possession of a weapon in the third degree, and attempted assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the complainant should not have been believed by the jury because she had imbibed alcohol prior to the rape. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

There is no merit to the defendant's contention that he was deprived of a fair trial by the failure of the police to dust the knife for fingerprints and to conduct DNA testing on the

seminal fluids gathered from the complainant's clothing. The failure of the police to conduct certain tests on evidentiary material did not deny the defendant a fair trial *(see, People v Callendar,* 207 AD2d 900; *People v Taylor,* 169 AD2d 791, 792). Furthermore, to the extent that this evidence may have had any relevance, defense counsel pointed to its absence on cross-examination and summation and attempted to use the absence to the defendant's advantage *(see, People v Taylor, supra).*

The court fairly and impartially set forth the contentions of the People and the defendant during the jury charge *(see, People v Saunders,* 64 NY2d 665). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.