OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Following a jury trial, defendant was convicted of rape in the first degree. The evidence was that on June 27, 1990, late at night, the complainant, who knew the 60-year-old defendant, went to his apartment to help him with some homework. After the assistance, when she attempted to leave, defendant forced her to engage in sexual intercourse. Defendant was arrested at the apartment after a neighbor, observing a portion of the attack through a window, reported a possible rape to the police and they arrived while the complainant was still in the apartment. Subsequent testing revealed sperm in the vagina of the complainant but an insufficient quantity to permit DNA testing.
 

 At trial, the complainant testified to forcible penetration. She did not testify, however, that the defendant had ejaculated. Defendant testified that there was consensual oral sex but no intercourse.
 

 
 *958
 
 Under the facts of this case, we reject the defendant’s contention of a violation of the Due Process Clauses of the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, § 6) by the failure of the prosecution to gather and adequately preserve a sample of semen sufficient for DNA testing. We further reject defendant’s contention that a hearing was required regarding these issues or that the trial court erred in precluding cross-examination with respect to the People’s failure to perform DNA testing.
 

 In this case, identification was never an issue and the People did not offer any DNA evidence on their case. Defendant has not shown that the potential evidence was material, that is, that a sample possesses an exculpatory value evident before its destruction, loss, or failure to preserve, and that defendant was unable to obtain comparable evidence by reasonable means
 
 (see, California v Trombetta,
 
 467 US 479, 489;
 
 People v Alvarez,
 
 70 NY2d 375). The defendant has thus failed to demonstrate any error in the decisions reached by the trial court.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.