OPINION OF THE COURT
Patrick J.. McGrath, J.
*173 The above-named defendant was arraigned on April 4, 1997, on the charges of murder in the first degree, murder in the second degree, assault in the second degree (two counts) and endangering the welfare of a child, in violation of sections 125.27 (1) (a) (ix) and (1) (b), 125.25 (1), 120.05 (1), 120.05 (9) and 260.10 (1) of the Penal Law. On the date of the arraignment, by order to show cause, defendant requested a court order requiring the preservation and nonexhaustion of all evidence and that defense experts be permitted to be present during and observe all testing of evidence by prosecution and government experts. On the same date, the People filed an affirmation in opposition. Oral argument was heard and additional memoranda were filed by both sides.
The main thrust of defendant’s argument is that since this is a potential death penalty case, higher standards should be applied than those which are applied to any other criminal trial. (Skipper v South Carolina, 476 US 1, 4-5; Caldwell v Mississippi, 472 US 320, 329; Woodson v North Carolina, 428 US 280, 305; People v Jardin, 88 NY2d 956; People v Martinez, 71 NY2d 937, 940; People v Jackson, 14 NY2d 5, 8; People v Rosario, 9 NY2d 286, 291; People v Cooke, 292 NY 185, 190.)
The People oppose based upon the legal precedent that there is no legal basis or authority for the relief requested by the defendant since there is no general constitutional right to discovery in criminal cases. (Arizona v Youngblood, 488 US 51; California v Trombetta, 467 US 479; Weatherford v Bursey, 429 US 545, 559; Matter of Miller v Schwartz, 72 NY2d 869; People v Alvarez, 70 NY2d 375; Matter of Catterson v Jones, 229 AD2d 435 [2d Dept 1996]; Matter of Pirro v LaCava, 230 AD2d 909.)
"[T]he County Court * * * may not grant discovery applications in criminal actions for which there is no statutory basis”. (Matter of Pirro v LaCava, supra, at 910.) "Discovery which is unavailable pursuant to statute may not be ordered based on principles of due process because 'there is no general constitutional right to discovery in criminal cases’ (Matter of Miller v Schwartz, 72 NY2d 869, 870, citing Weatherford v Bursey, 429 US 545, 559).” (Matter of Pirro v LaCava, supra, at 910; see also, Matter of Catterson v Jones, supra.)
Woodson v North Carolina (supra, at 305) and the other cases cited by defendant support the proposition that, "[b]ecause of that qualitative difference [between a death sentence and any other sentence], there is a corresponding difference in the need for reliability in the determination that death is the appropri *174 ate punishment in a specific case.” The other cases cited emphasize that, whatever procedural rights a defendant has, the courts will be especially careful in scrutinizing allegations of error related to those rights in a capital case. (See, e.g., People v Jackson, supra, at 8, where the court states, "We hold that the trial court’s refusal to charge as requested was, especially because this is a capital case conviction, grave error.”) These cases do not support the proposition that because this is a potential capital case, ipso facto, defendant is entitled to additional rights that otherwise do not exist or are guaranteed based upon principles of due process under the State or Federal Constitution.
A careful reading of all cases cited by the defendant shows that the defendant is attempting to create a right that has never been recognized, guaranteed, or required under any statute or constitutional mandate whether State or Federal. Arizona v Youngblood (supra) held that it was not error for the People to fail to preserve evidentiary material of which no more can be said than that it could have been tested and the result may have helped the defendant. This did not violate the guarantees under Brady v Maryland (373 US 83) since the police do not have a duty to preserve all material that might be of conceivable evidentiary significance. This is especially true when the exculpatory value of the evidence is purely speculative. (See, California v Trombetta, supra.)
Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect’s defense. To meet this standard of constitutional materiality (see, United States v Agurs, 427 US 97, 109-110), evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable available means. (California v Trombetta, supra, 467 US, at 488-489.)
The New York Court of Appeals has also recognized the requirement of materiality as set forth in California v Trombetta (supra; see, People v Jardín, 88 NY2d 956, supra). In People v Jardin, the Court of Appeals held that the defendant’s due process rights under the State and Federal Constitutions were not violated by the People’s failure to gather and adequately preserve evidence for testing. In citing California v Trombetta (supra) and People v Alvarez (70 NY2d 375, supra), the Court of Appeals held that "[defendant has not shown *175 that the potential evidence was material, that is, that a sample possesses an exculpatory value evident before its destruction, loss, or failure to preserve, and that defendant was unable to obtain comparable evidence by reasonable means”. (People v Jardín, supra, at 958.) Other cases cited by the defendant and the People follow the same rationale: in People v Callendar (207 AD2d 900 [2d Dept 1994]) there was no merit to the defendant’s contention that he was denied due process by the loss of a rape kit prior to testing. Unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law (Arizona v Youngblood, 488 US 51, supra; People v Taylor, 169 AD2d 791, 792), and the defendant’s contention that he was denied due process by the failure of the police to gather and preserve potentially exculpatory evidence, to wit, seminal fluid allegedly deposited on the complainant’s underwear, is without merit. "The police do not have a duty to preserve all material that might be of conceviable evidentiary significance (Arizona v Youngblood, supra; California v Trombetta, 467 US 479; see also, People v Alvarez, 70 NY2d 375), especially when the exculpatory value of the evidence is purely speculative, as it is here (see, California v Trombetta, supra; People v Ramos, 147 AD2d 718).” (People v Taylor, supra, at 792).
The present statutory scheme for discovery affords defendant the protection he seeks and allows for appropriate remedies for any possible error by the People in connection with any constitutionally material evidence. (See, People v White, 40 NY2d 797; People v Ramos, 147 AD2d 718, 718-719 [2d Dept 1989], supra; People v Taylor, supra, at 792; People v Karpeles, 146 Misc 2d 53, 60-63 [Crim Ct, Richmond County 1989].)
Defendant’s present request is vague, overbroad, and fails to meet the required standard of constitutional materiality.
Accordingly, the defendant’s motion is denied.