(January 23, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE L. WILLIAMSON, Appellant. [755 NYS2d 443] —Mercure, J. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered January 21, 1998, convicting defendant upon his plea of guilty of the crime of murder in the first degree, and (2) by permission, from an order of said court, entered August 25, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant's conviction arises from the March 1997 death of Patricia Santana and beating of Santana's three-year-old daughter in the City of Troy, Rensselaer County. Defendant was indicted for the crimes of murder in the first degree, murder in the second degree, assault in the second degree (two counts) and endangering the welfare of a child, and the prosecution thereafter filed notice of its intent to seek the death penalty. A plea agreement was reached whereby defendant would enter a guilty plea to the crime of murder in the first degree and, thus, avoid imposition of the death penalty. In the subsequent plea proceedings before County Court, the prosecution orally withdrew its notice of intent to seek the death penalty. Defendant thereafter withdrew all pending motions and entered a plea of guilty to the crime of murder in the first degree in full satisfaction of the indictment. Defendant was sentenced, in accordance with the plea agreement, to life imprisonment without parole. County Court denied defendant's subsequent motion to vacate the judgment pursuant to CPL

440.10 (1) (h), without a hearing, and defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Defendant's primary contention on this appeal is that his guilty plea was not voluntary because it was made while the notice of intent to seek the death penalty was still pending. Defendant relies upon the 1998 Court of Appeals decision in *Matter of Hynes v Tomei* (92 NY2d 613, *cert denied* 527 US 1015), which found that New York's capital murder statutes, which permitted imposition of the death penalty only following a jury trial, unconstitutionally burdened a defendant's rights against self-incrimination and to demand a jury trial (*see id.* at 626). The Court thus held that "a defendant may not plead guilty to first degree murder while a notice of intent to seek the death penalty is pending" (*id.* at 629). Because here the prosecution never made a written withdrawal of its notice of intent to seek the death penalty, as required by CPL 250.40 (4), defendant claims that the threat of the death penalty had not been removed at the time of his guilty plea.

Assuming, without deciding, that the prosecution's oral withdrawal of its notice of intent to seek the death penalty was ineffective, we nonetheless conclude that defendant's guilty plea was valid. Defendant's plea was entered in December 1997, a year before the Court of Appeals invalidated the capital murder pleading provisions. In *People v Edwards* (96 NY2d 445), the Court of Appeals explored the impact of its decision in *Matter of Hynes v Tomei* (*supra*) on the validity of guilty pleas entered prior to that decision. Consistent with the United States Supreme Court's decision in *Brady v United States* (397 US 742), which upheld otherwise valid pleas entered under statutes later found to be unconstitutional in *United States v Jackson* (390 US 570), the Court of Appeals held that a guilty plea to murder in the first degree that was entered prior to its decision in *Matter of Hynes v Tomei* (*supra*) is valid if it was otherwise knowingly, intelligently and voluntarily made (*People v Edwards, supra* at 454-455).

The record of the plea colloquy reflects that County Court conducted a detailed allocution ascertaining that defendant understood the nature and consequences of his plea, including the rights being relinquished as a result of the plea. Although defendant now contends that, at the time of the plea, he was impaired by his use of antidepressant medication, County Court fully explored defendant's use of this medication and ascertained that he was not affected by the medication, was thinking clearly and understood the impact of his plea. Accord-

ingly, we conclude that defendant's plea was knowing, voluntary and intelligent (*see People v Ford*, 86 NY2d 397, 402-403; *People v Batcher*, 291 AD2d 581, 582; *People v Ferreri*, 271 AD2d 805, 805, *lv denied* 95 NY2d 834) and, further, constituted a waiver of the right to appeal his conviction as violative of his rights to a jury trial and against self-incrimination (*see People v Edwards*, *supra* at 455-456; *People v Taylor*, 65 NY2d 1, 5).

We also reject defendant's claim that the count of the indictment charging murder in the first degree was jurisdictionally defective. Penal Law § 125.27 (1) (a) (ix) has, as a material element, a prior murder conviction pursuant to Penal Law §§ 125.25 or 125.27, or a conviction in another jurisdiction of an offense equivalent to one of these crimes. The instant indictment accused defendant of a violation of this section, and the accompanying special information (*see* CPL 200.60) specifically accused defendant of a previous murder conviction in Florida. Defendant, however, contends that his conviction upon a plea of nolo contendere to the crime of murder in the second degree (*see* Fla Stat Ann § 782.04 [2]) is not equivalent to a conviction under Penal Law §§ 125.25 or 125.27, rendering the indictment jurisdictionally defective.

While it is arguable that defendant's prior murder conviction was under a Florida statute that is broader than Penal Law § 125.25 and cannot constitute a predicate conviction under Penal Law § 125.27 (1) (a) (ix),* such a defect would not render the indictment jurisdictionally defective. The indictment fully informed defendant that he was charged with murder in the first degree based on the aggravating factor of a previous murder conviction, and the accompanying special information provided notice to defendant of the specific conviction being relied upon (*see People v Iannone*, 45 NY2d 589, 598-599). Significantly, an indictment is not rendered jurisdictionally defective even when the prosecution has failed to file a required special information and such a defect is deemed waived by defendant's knowing and voluntary guilty plea (*see People v*

---

* Defendant was convicted of violating Florida Statutes Annotated § 782.04 (2), which defines murder in the second degree as "[t]he unlawful killing of a human being, when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual." Defendant contends that the language of this Florida statute encompasses the "grave risk of death" required for a conviction for "depraved mind" murder in New York (*see* Penal Law § 125.25 [2]), as well as the "grave risk of serious physical injury" required for a conviction for manslaughter in the first degree (*see* Penal Law § 125.20 [4]).

*Di Carluccio*, 168 AD2d 509, 510, *lv denied* 77 NY2d 877; *People v Gill*, 109 AD2d 419, 420; *People v Giuliano*, 52 AD2d 240, 243-244). We find defendant's remaining contentions, to the extent that it is necessary to reach them, including his argument that his plea was rendered in violation of the NY Constitution, to be unavailing. We conclude, therefore, that defendant's conviction was sound and that his CPL 440.10 motion was properly denied.

Cardona, P.J., Spain and Kane, JJ., concur. Ordered that the judgment and order are affirmed. [*See* 172 Misc 2d 172.]