■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DIMARIA, Appellant. [802 NYS2d 16]—

Judgment, Supreme Court, Bronx County (Robert H. Straus, J.), rendered January 20, 1999, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years to life and 4 to 8 years, respectively, unanimously affirmed.

Defendant challenges various rulings by the court that limited defendant's elicitation of evidence in support of his justification defense. We conclude that each of these limitations was proper, and that there was no violation of defendant's rights to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The court properly precluded hearsay, irrelevant and collateral evidence concerning the deceased's criminal background and alleged connection to organized crime. Defendant was fully permitted to support his justification defense by establishing his own knowledge of the deceased's criminal propensities (*see People v Miller*, 39 NY2d 543, 551 [1976]).

The court properly exercised its discretion (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]) in precluding defendant from introducing what he purported to be a prior inconsistent statement by a police witness, but what was actually a self-serving hearsay statement by defendant.

The court properly exercised its discretion in precluding defendant from introducing, as "consciousness of innocence" evidence, his own expression of an intent or desire to surrender to the police (*see People v Torres*, 289 AD2d 136 [2001], *lv denied* 97 NY2d 762 [2002]). Defendant's argument that the court should have delivered a "consciousness of innocence" charge is unpreserved, and is similarly unavailing.

The court properly declined defendant's request for a charge on temporary and lawful possession of a weapon. That doctrine

does not apply to carrying an illegal weapon in anticipation of a future need to use it in self-defense (*see People v Almodovar*, 62 NY2d 126, 130 [1984]).

We have considered and rejected defendant's remaining arguments. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Catterson, JJ.