Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered October 10, 2006, convicting defendant, after a jury trial, of two counts of criminal sexual act in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility, including its evaluation of inconsistencies in testimony and the victim’s explanation for her prior inconsistent statements.
The court properly exercised its discretion in precluding defendant from offering, as evidence of his alleged consciousness of innocence, testimony that, after consultation with his attorney, he agreed to comply with the prosecutor’s request for a DNA sample without requiring the prosecutor to make a GPL 240.40 (2) discovery motion. Defendant’s agreement to provide discovery voluntarily where he would have, in any event, been required by law to provide it was devoid of probative value as to *381 his asserted consciousness of innocence (see People v Jardín, 154 Misc 2d 172, 174-175 [1992], affd 216 AD2d 105 [1995], affd 88 NY2d 956 [1996]; see also People v DiMaria, 22 AD3d 229 [2005], lv denied 6 NY3d 775 [2006]; People v Torres, 289 AD2d 136 [2001], lv denied 97 NY2d 762 [2002]).
The imposition of mandatory surcharges and fees by way of court documents without mention in the court’s oral pronouncement of sentence was lawful (see People v Washington, 51 AD3d 521 [2008], lv granted 10 NY3d 965 [2008]).
We perceive no basis for reducing the sentence. Concur— Lippman, EJ., Gonzalez, Moskowitz, Acosta and Renwick, JJ.