■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD SHARE, Appellant. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed and defendant remanded to Cayuga County Court for resentencing. Memorandum: From our review of the record, we find the evidence to be legally sufficient to support defendant's conviction of two counts of burglary in the second degree (Penal Law § 140.25 [2]). The testimony of the codefendant, corroborated by other proof, established that defendant knowingly entered two residences with intent to commit a crime therein. The record further establishes that the two structures were, in fact, "dwellings" within the meaning of the Penal Law (*see,* Penal Law § 140.00 [3]; *People v Sheirod,* 124 AD2d 14, 17, *lv denied* 70 NY2d 656).

We find that the proof of value was insufficient to support the convictions of grand larceny in the third degree. Penal Law former § 155.30 (1), which was in effect at the time these crimes were committed, required the People to prove that the value of the stolen property exceeded $250. The only proof of value offered by the People at trial was the victims' estimates of the value of the various items stolen from them. Such evidence is not sufficient proof of value (*see,* Penal Law § 155.20 [1]; *People v Burt,* 132 AD2d 963, *lv denied* 70 NY2d 798; *People v Sweeney,* 125 AD2d 978). In the absence of

competent proof of value, the judgment must be modified to reduce each of the two convictions for grand larceny to the lesser included crime of petit larceny (Penal Law § 155.20 [4]; *People v Sweeney, supra; People v Van Etten,* 94 AD2d 953). (Appeal from judgment of Cayuga County Court, Contiguglia, J.—burglary, second degree; grand larceny, third degree.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Lawton, JJ.