■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN J. LINK, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 9, 1988, upon a verdict convicting defendant of the crime of arson in the third degree.

Defendant was convicted by a jury of arson in the third degree as a result of the incendiary destruction of the residence of Owena Vail and was sentenced to an indeterminate term of imprisonment of 4 to 8 years. At the heart of the

People's case was a theory that Vail engaged defendant to set the fire so that Vail could recover on her insurance policy. Several witnesses testified at trial that they observed furniture and other items being removed from the Vail residence in the weeks preceding the fire. Additionally, the People elicited testimony that Vail told a friend during the week before the fire that she was going to "torch" her house that weekend. Expert testimony established that the fire was intentionally started. The People theorized that, on the night of the fire, defendant shut off the gas supply to the hot water heater, uncoupled the gas line, introduced an ignition source and then turned the gas back on, causing the fire. The People contend that defendant then left the scene, drove by the house several times, checking on the progress of his "handiwork", and turned back into the driveway when he observed that Vail had returned to the scene.

The evidence against defendant was entirely circumstantial. The testimony at trial established that defendant had experience working on gas furnaces and was present at the Vail residence at about the time the fire commenced. William Chilson, a neighbor, testified that shortly before 10:30 P.M. on the date in question, Vail asked defendant to "help her get in the house and break a window" if necessary. Chilson then observed Vail gather up her dogs and put them in her car which was behind defendant's in the driveway, and overheard her say, "I've collected the dogs up. You do what you have to do. I'm getting the hell out of here". Defendant was then observed walking toward the Vail house and Chilson smelled gas within a few minutes. Some 10 minutes later, Chilson observed that the Vail residence was on fire and that the vehicles were no longer in the driveway. James Sodan testified that on the evening of the fire he was standing in front of the Kirkpatrick home, next door to Vail's house. At that time, he observed defendant go around the block three or four times, driving at an unusually slow rate of speed, perhaps 15 miles per hour. He then saw Vail arrive in her vehicle. She drove into her driveway and defendant drove in right behind her. Sodan watched Vail get out of her car and walk toward the door of the house and then, immediately thereafter, run across the yard screaming that her house was on fire. Vail reported the fire at 10:48 P.M.

The well-established test for the sufficiency of circumstantial evidence is whether, viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference, the facts from which the inference

of defendant's guilt is drawn are inconsistent with his innocence and exclude, to a moral certainty, every other reasonable hypothesis *(People v Giuliano,* 65 NY2d 766, 767-768; *People v Marin,* 65 NY2d 741, 742). The inferences to be drawn from the circumstances must be logically compelling and must not be susceptible to subjective inferential links based on probabilities of low grade which elevate coincidence, and therefore suspicion, into permissible inference *(see, People v Cleague,* 22 NY2d 363, 367). Put another way, if consistent with either innocence or guilt, circumstantial evidence is of no value *(see, People v Piazza,* 48 NY2d 151, 158-159). In our view, on this record, there was proof of defendant's guilt beyond a reasonable doubt. The jury verdict "flows from the proven facts" *(People v Karadimas,* 134 AD2d 952, *lv denied* 70 NY2d 933) which, as a whole, exclude " 'to a moral certainty' " every conclusion other than guilt *(People v Benzinger,* 36 NY2d 29, 32).

The theory of the defense, that defendant's only involvement was to pass by the scene and to be hailed by Vail and asked to enter the dwelling, is belied by the testimony of Chilson and Sodan which clearly establishes that defendant was present at the scene on two separate occasions on the night of the fire. Chilson's observations provide the factual basis from which the inference reasonably flows that defendant was the person who entered the house and actually provided the source of ignition for the gas which was turned on when he exited the house. Chilson's observations also establish that defendant then left the scene. Sodan's observations establish that Vail and defendant returned to the scene when the fire was in progress. We conclude that the jury could logically and naturally infer that the fire was intentionally set and that it was defendant who set it. There are no logical gaps in the People's case which cannot be bridged by the drawing of permissible inferences *(see, supra).*

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.