■ The People of the State of New York, Respondent, v Kevin Chaires, Appellant.—Harvey, J.

At some point between March 17 and 21, 1989, Cynthia Murphy's second floor apartment at 510 Paige Street in the City of Schenectady, Schenectady County, was burglarized while she was out of town. Along with pushing in her back door and damaging some of her property, the burglar stole,

among other things, two televisions, two speakers, a bicycle, a crockpot and some kitchenware decorated with a distinctive waterfowl design. The police were unable to locate the missing items and defendant, who was a neighbor of Murphy, went along with Murphy to secondhand stores (of defendant's choosing) to look for the stolen items. Months later, Ruth Clapper, defendant's former girlfriend with whom he resided in March 1989, gave the police a box of kitchen items which represented all that was left of a large amount of items (including two televisions, a crockpot and a bicycle) that defendant had brought into their home mostly in pillowcases between March 17 and 21, 1989. Murphy identified these as being part of the property stolen from her apartment. At trial, Clapper testified that defendant told her he got the items from inside the house next door to his brother's 508 Paige Street home. Defendant allegedly threatened to harm Clapper if she told the police.

Defendant was ultimately indicted for burglary in the second degree, criminal possession of stolen property in the fourth degree and criminal mischief in the fourth degree. Over the People's objection, County Court agreed to give the jury a circumstantial evidence charge with respect to the case. The jury convicted defendant of the burglary and criminal mischief charges, as well as convicting him of criminal possession of stolen property in the fifth degree which was charged on a lesser included offense of the fourth degree crime charged in the indictment. Defendant was sentenced to concurrent terms of 4 to 8 years in prison for the burglary conviction and to two determinate terms not to exceed one year on the remaining convictions. This appeal followed.

At the outset, we note that the People argue that it was unwarranted for County Court to give a circumstantial evidence instruction to the jury in this case since the stolen property admitted into evidence and the testimony from Clapper concerning defendant's statements and actions constituted direct evidence of his guilt (see, e.g., People v Emery, 159 AD2d 992, lv denied 76 NY2d 787). While the People's arguments on this point are persuasive, there is no need to explore it at great length since we find that there was more than sufficient evidence for the jury to convict defendant, even under the more rigorous "moral certainty" standard employed in circumstantial evidence cases (see, People v Ford, 66 NY2d 428, 441-442; People v Link, 161 AD2d 839, 840-841, lv denied 76 NY2d 941). Notably, "[a]bsolute or metaphysical certainty is not required" to meet this standard (People v Powers, 173 AD2d 886, 889).

Here, viewing the evidence in the light most favorable to the People *(see, supra)*, it is apparent that the jury could permissibly conclude that defendant formed the intent to steal from Murphy a few days before the actual burglary when he visited her apartment. He then accomplished the deed while she was away visiting her mother and then diverted any suspicion from himself by "helping" her look for her belongings at secondhand stores of his choosing. Clapper's testimony that, around the time Murphy's home was burglarized, defendant brought home items that belonged to Murphy or matched the description of unrecovered items was also damaging, especially in light of defendant's threats if Clapper went to the police. In contrast, defendant points to evidence presented by him to the effect that the items which he brought home from March 17 to 21, 1989 were actually from the first floor apartment located at 510 Paige Street which had been put out on the street by the building's landlord. However, the tenant of that apartment testified that she did not move out until the end of April 1989 and that none of the kitchen items introduced at trial belonged to her. Clearly this and other evidence was more than sufficient to exclude any inferences of defendant's innocence to a moral certainty.

Weiss, Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed.