■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL EADDY, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered August 10, 1990 in Sullivan County, upon a verdict convicting defendant of the crimes of escape in the first degree and promoting prison contraband in the first degree.

On March 6, 1989 defendant was committed to the Sullivan County Jail awaiting trial on various felony counts, including robbery and kidnapping. At 2:30 A.M. on that date, Sheriff's Deputies observed that a blanket covered a window in the hallway of the segregated cell block in which defendant was being held with two other inmates. On removing the blanket, it was discovered that the metal bars and screen in the window had been cut and two of the three cells on the cell block, which had held defendant and Dion Lynch, were empty. One half of a hacksaw blade was found near the window. Bed sheets were found tied together hanging out of the window.

Later that same morning, defendant and Lynch were apprehended in a wooded area approximately one mile from the jail. At the time, Lynch had one half of a hacksaw blade in his possession. Defendant was thereafter indicted by a Grand Jury for the crimes of escape in the first degree and promoting prison contraband in the first degree. Following a trial, defendant was convicted on both counts and sentenced as a second felony offender to consecutive prison terms of 3½ to 7 years. This appeal followed.

Initially, defendant contends that there was insufficient evidence presented to support his conviction of the crime of promoting prison contraband in the first degree. We agree. Part of the hacksaw blade was discovered on Lynch's person and the rest of it was found in a common area of the cell block that defendant shared with Lynch and another inmate. It is as reasonable to infer that Lynch possessed the two pieces of the hacksaw blade exclusively as it is to infer that defendant actually or constructively possessed all or a portion of the blade when the escape was made or shortly prior thereto *(see, People v Link,* 161 AD2d 839, 840-841, *lv denied* 76 NY2d 941). Moreover, the evidence does not support a conviction based upon Penal Law § 20.00. There is no proof that defendant solicited, requested, commanded, importuned or aided Lynch in his possession of the blade. In sum, there is no evidence that defendant possessed the hacksaw blade *(cf., People v Page,* 105 AD2d 930), exercised any dominion or control over it *(cf., People v Cortes,* 112 AD2d 946), acted in any way to aid in possession of the contraband *(cf., People v Feliciano,* 32 NY2d 140) or even knew of its existence *(cf., People v Welcome,* 127 AD2d 717, *lv denied* 69 NY2d 956).

Next, we reject defendant's contention that Supreme Court wrongfully limited his proof on the defense of justification. New York's justification defense is based upon an objective standard and is supported only where the impending injury is imminent and the emergency response is reasonably calculated to prevent the harm *(see,* Penal Law § 35.05 [2]; *People v Craig,* 78 NY2d 616, 623-624; *People v Brown,* 68 AD2d 503, 511; *see also, People v Larrabee,* 134 AD2d 855, *lv denied* 71 NY2d 898; *People v Torres,* 103 AD2d 972). In view of defendant's offer of proof that his escape was prompted by a death threat which he received only a few days earlier, Supreme Court properly excluded evidence of acts of Sheriff's Department personnel that defendant claimed had been directed against him months earlier.

We likewise reject defendant's argument that Supreme

Court should not have allowed the People to amend the indictment to state that the Sullivan County Jail was in Sullivan County. The amendment did not prejudice defendant *(see,* CPL 200.70 [1]; *People v Clapper,* 123 AD2d 484, 485, *lv denied* 69 NY2d 825; *People v Carmona,* 124 Misc 2d 1045, 1048-1049). Nor do we find any abuse of discretion in Supreme Court's denial of defendant's request for a continuance. Any necessity for an adjournment was caused by circumstances within defense counsel's control *(see, People v Gabler,* 129 AD2d 733; *cf., People v VanDenBosch,* 142 AD2d 988). Although Supreme Court interjected itself on several occasions, and greater restraint in the conduct of the trial would have been appropriate, our review of the record as a whole persuades us that this conduct did not result in a denial of defendant's right to a fair trial *(see, People v Tucker,* 140 AD2d 887, *lv denied* 72 NY2d 913). We similarly find, upon review of the totality of the circumstances, that defendant was not deprived of his constitutional right to effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

We have examined defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of promoting prison contraband in the first degree; said count of the indictment dismissed; and, as so modified, affirmed.