■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE COOK, Appellant. [678 NYS2d 108] —Appeal by the de-

fendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered August 15, 1996, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his motion to dismiss the count of the indictment which charged criminal possession of a weapon, "to wit: a knife", because evidence adduced at trial showed that the defendant only possessed a razor. The indictment stated that the defendant possessed a dangerous instrument with intent to use that instrument unlawfully against another. However, the variance between the allegation noted in the indictment and the proof at trial did not change the People's theory of the case. Thus, the defendant had sufficient notice of the crime with which he was charged and was able to prepare an adequate defense (see, CPL 200.50 [7]; *People v Grega,* 72 NY2d 489; *People v Iannone,* 45 NY2d 589).

Viewing the evidence in a light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was neither harsh nor excessive (see, *People v Suitte,* 90 AD2d 80). Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.