■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS GIBSON, Appellant. [688 NYS2d 561] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered July 16, 1996, convicting him of robbery in the first degree (three counts) and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the indictment should be dismissed by virtue of the People's failure to disclose to the Grand Jury evidence of one witness's failure to identify the defendant as the perpetrator in the lineup, since the subject evidence was not entirely exculpatory and would not have materially influenced the Grand Jury (*see, People v Valles,* 62 NY2d 36; *People v Liddell,* 181 AD2d 795).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily issues to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (3). The defendant failed to show that the allegedly newly-discovered evidence, if presented to the jury, would have resulted in a different verdict (*see, People v Salemi,* 309 NY 208, *cert denied* 350 US 950). Furthermore, since the court was able to make its determination on the basis of the motion papers, it did not err in failing to hold a hearing (*see,* CPL 330.40 [2] [c], [e] [ii]).

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Joy and Krausman, JJ., concur.