THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SMITH, Appellant. [735 NYS2d 693] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Erie County Court for sentencing in accordance with the following Memorandum: On appeal from a judgment convicting him of, *inter alia,* robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in denying his motion to dismiss the indictment based on errors in the presentation of the case to the Grand Jury. Although several of defendant's contentions were not included in defendant's written motion filed within 45 days of arraignment (*see,* CPL 210.45 [1]; 255.20 [1]), the court nevertheless properly addressed the merits of those contentions because they are based on facts that defendant could not with due diligence have discovered within that 45-day period (*see,* CPL 255.20 [3]). We reject defendant's contention that the People's failure to comply with the technical requirements of CPL 190.32 requires dismissal. The court properly found that the victim was a special witness (*see,* CPL 190.32 [1] [b]) where, as here, the prosecutor identified the victim's psychiatrist as the source of his information concerning the victim's physical condition and informed the court of the psychiatrist's opinion with respect to that condition (*cf., People v Rich,* 137 Misc 2d 474, 477). There is no evidence in the record that there were unauthorized persons present during the videotaping of the victim's

Grand Jury testimony (see, CPL 190.32 [5] [a]). The People's failure to record the date of the order authorizing the videotaping procedure and the name of the issuing Judge (see, CPL 190.32 [5] [d]) does not warrant dismissal of the indictment where, as here, the defense was provided with a copy of the order, rendering any error harmless.

Defendant failed to preserve for our review his contentions that the prosecutor erred in failing to inform the Grand Jury of its right to subpoena the victim and that the prosecutor improperly "edited" the tape (see, CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

We reject defendant's further contention that the People's failure to present exculpatory evidence to the Grand Jury requires dismissal of the indictment. "[T]he People maintain broad discretion in presenting their case to the Grand Jury and need not seek [out] evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" (People v Mitchell, 82 NY2d 509, 515). The alleged misidentification of defendant by the victim in his videotaped testimony did not result in a "needless or unfounded prosecution" (People v Valles, 62 NY2d 36, 38; see, People v Lancaster, 69 NY2d 20, 27, cert denied 480 US 922).

Defendant was not denied his constitutional right to confront witnesses based on the People's failure to preserve Brady material. The People's failure to preserve a hat and coat in response to defendant's general request for Brady material did not "create[ ] a reasonable doubt that did not otherwise exist" (People v Baxley, 84 NY2d 208, 214, rearg dismissed 86 NY2d 886). Although "[t]he People have an affirmative obligation to preserve all discoverable evidence within their possession" (People v Hernandez, 285 AD2d 559), "the choice of 'appropriate' action is committed to the sound discretion of the trial court" (People v Kelly, 62 NY2d 516, 521). Here, the adverse inference charge given by the court alleviated any prejudice to defendant (see generally, People v Kelly, supra, at 520-521).

The court properly denied that part of defendant's motion seeking to suppress the identification testimony of the two eyewitnesses. Contrary to defendant's contention, "[t]he circumstances that defendant was handcuffed behind his back and in the presence of police officers, and that the [witnesses knew they] would be viewing a suspect, did not render the [showup identification] procedure unduly suggestive" (People v Edwards, 259 AD2d 343, 344, lv denied 93 NY2d 969; see,

*People v Clark*, 280 AD2d 979, 980). Even assuming, arguendo, that one witness was present when another witness identified defendant, we conclude that the procedure was still "tolerable in the interest of prompt identification" (*People v Johnson*, 221 AD2d 1016, 1017; *see, People v Jenkins*, 175 AD2d 648, 649, *lv denied* 78 NY2d 1012; *cf., People v Adams*, 53 NY2d 241, 248-249). We agree with defendant that the court should have suppressed the showup identification of defendant by the victim. "[O]nce [the] initial showup provided the police with an immediate identification of the alleged perpetrator[ ] as well as probable cause to place [him] under arrest, no 'exigent circumstances' existed for the subsequent showup" (*People v Rayford*, 158 AD2d 482, 484; *see, People v Johnson*, 169 AD2d 779, 781, *lv denied* 77 NY2d 996). The error, however, is "harmless beyond a reasonable doubt" (*People v Crimmins*, 36 NY2d 230, 237).

There was no *Rosario* violation by the People based on their failure to provide defendant with his own copy of the videotape of the victim's testimony. That videotape as well as a transcript of the testimony were made available to defendant before the jury was sworn (*see*, CPL 240.45 [1]; *see also, People v Gaskins*, 171 AD2d 272, 280; *People v Caussade*, 162 AD2d 4, 10-11, *lv. denied* 76 NY2d 984). Based on the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, we conclude that defendant was afforded meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). The court's charge with respect to the element of "dangerous instrument" in the crimes of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) did not improperly amend the indictment. The court is not obligated to charge the jury that it must hold the People to proof of allegations "in an indictment that are extraneous to the material elements of the offense charged" (*People v Charles*, 61 NY2d 321, 327; *see, e.g., People v Grega*, 72 NY2d 489, 497; *People v Treuber*, 64 NY2d 817, 818; *People v Cook*, 253 AD2d 498, 499, *lv denied* 93 NY2d 872).

We agree with defendant that the evidence is legally insufficient to support the conviction of grand larceny in the third degree (Penal Law § 155.35). Although the price paid for a vehicle may under certain circumstances constitute legally sufficient evidence of value (*see, People v James*, 111 AD2d 254, 255, *affd* 67 NY2d 662), the owner "must provide a basis of knowledge for his statement of value before it can be accepted as legally sufficient evidence of such value" (*People v Lopez*, 79

NY2d 402, 404). Here, the owner of the van testified that he paid $16,000 for the van in 1990. The crime occurred in December 1996, and the owner estimated that the value of the van at that time was $7,000, but he also estimated that he would have sold the van for approximately $2,500 at the time of trial in December 1997. The owner's estimate lacked any factual basis to establish the value of the van (*see, People v Sweeney*, 125 AD2d 978, *lv denied* 69 NY2d 834; *see also, People v James, supra,* at 255; *People v Share*, 151 AD2d 1016, *lv denied* 74 NY2d 852). In the absence of legally sufficient proof of value of the van, its value shall be deemed less than $250 (*see,* Penal Law § 155.20 [4]). "[S]ince the record clearly demonstrates proof beyond a reasonable doubt of the commission of larceny by defendant, even in the absence of proof of value of the property stolen, the evidence supports a conviction of the lesser included offense of petit larceny" (*People v Clark,* 91 AD2d 1102; *see, People v Share, supra,* at 1016-1017).

The court properly sentenced defendant as a persistent violent felony offender. The People proved beyond a reasonable doubt that defendant had two prior violent felony convictions despite defendant's use of different names and birth dates (*see,* CPL 400.16; Penal Law § 70.08 [1]). The sentence imposed by the court, the statutory maximum, is neither unduly harsh nor severe.

We therefore modify the judgment by reducing defendant's conviction of grand larceny in the third degree to the lesser included offense of petit larceny and by vacating the sentence imposed thereon, and we remit the matter to Erie County Court for sentencing on that conviction. (Appeal from Judgment of Erie County Court, Drury, J.—Robbery, 1st Degree.) Present—Pine, J. P., Wisner, Scudder, Kehoe and Gorski, JJ.