■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO P. MANA, Appellant. [738 NYS2d 796] —Appeal from a judgment of Genesee County Court (Griffith, J.), entered February 24, 2000, convicting defendant after a jury trial of arson in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of arson in the second degree (Penal Law § 150.15) in connection with a fire at the manufacturing plant where he was employed. Defendant admitted to several people that he caused the fire, and the People's expert testified that the fire was incendiary in nature. We reject defendant's contention that County Court erred in permitting the People's expert to testify concerning his opinion, which was based in part upon hearsay information. An expert may rely upon out-of-court material that would otherwise be inadmissible hearsay where, as here, "it is of a kind accepted in the profession as reliable in forming a professional opinion" (*People v Sugden,* 35 NY2d 453, 460; *see, People v Moon,* 256 AD2d 24, *lv denied* 93 NY2d 901, 974). In any event, although the People's expert based his opinion that the fire did not have an electrical source in part upon information he received from the fire investigator assigned to investigate the electrical system, he also based his opinion upon his own observations of the lighting fixtures and the fuse box. Moreover, any hearsay evidence merely confirmed the expert's opinion that the fire started at the floor level and that its source was an ignitable liquid (*see generally, Weinstein v New York Hosp.,* 280 AD2d 333, 334).

Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). In addition, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that the conviction is supported by legally sufficient evidence (*see, People v Bleakley, supra* at 495). Finally, the court properly denied defendant's request for a missing witness charge with respect to the fire investigators assigned to investigate the alarm and electrical systems. The People established that the testimony of those investigators either was not relevant or would have been cumulative to the testimony of their expert (*see, People v Gonzalez,* 68 NY2d 424, 427-428; *see also, People v Macana,* 84 NY2d 173, 180). Present—Green, J.P., Scudder, Kehoe, Burns and Gorski, JJ.