(April 16, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RODRIGUEZ, Appellant. [742 NYS2d 2] —Judgment,

Supreme Court, New York County (Edward McLaughlin, J.), rendered November 1, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and conspiracy in the second degree, and sentencing him, as a second felony offender, to two concurrent terms of 12½ to 25 years and a consecutive term of 2½ to 5 years, respectively, unanimously affirmed.

The verdict convicting defendant of conspiracy in the second degree was based on legally sufficient evidence and was not against the weight of the evidence (see, People v Acosta, 80 NY2d 665, 672). There is no basis upon which to disturb the jury's determinations concerning credibility. Defendant's involvement in the conspiracy was clearly demonstrated by his drug sales to undercover officers in cooperation with one coconspirator in the area of operation of the drug organization comprising the conspiracy; his retrieval of drugs from the very area where the organization kept its drugs; and the extensive testimony of the cooperating coconspirators who testified at trial, which testimony was properly corroborated by the above evidence and by the testimony of the undercover officer (see, People v Moses, 63 NY2d 299, 306).

Defendant's claim that the prosecution's belated disclosure of the audio portion of a videotape of one of defendant's drug sales constituted a Rosario violation is unpreserved since defendant failed to request any remedy (People v Graves, 85 NY2d 1024; People v Rogelio, 79 NY2d 843), and we decline to review it in the interest of justice.

Defendant's challenges to the court's main and supplemental charges on conspiracy are similar to claims rejected by this Court on appeals by other defendants in this case (People v McKnight, 281 AD2d 293, lv denied 96 NY2d 865; People v Antomarchi, 261 AD2d 312), and there is no basis for a different result herein.

The court properly complied with this Court's prior order directing a reconstruction hearing to determine whether defendant's counsel was present at the beginning of voir dire on September 4, 1996. This hearing had been granted based on trial counsel's assertion that he had been late that morning and that voir dire had commenced without him, and based on the claim that the minutes of that day were lost. Once the minutes of that day were discovered, however, they conclusively established counsel's presence that morning and obviated the need for an evidentiary hearing concerning the morning session. There is no merit to defendant's counsel's belated claim that he arrived late for the afternoon session on the same day,

and that voir dire commenced without him at that time. Given the court's specific recollection of events and the lack of any objection on the record of the afternoon's proceedings, defendant failed to overcome the presumption of regularity and the trial court's refusal to hold a fact-finding hearing on the issue was a proper exercise of its discretion.

We have considered and rejected defendant's remaining claims, including his claim that his sentence is excessive. Concur—Williams, P.J., Andrias, Buckley and Rosenberger, JJ.