■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RADESI, Also Known as JOSEPH J. RADES, Appellant. (Appeal No. 1.) [782 NYS2d 341]—

Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered February 11, 2003. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of reckless endangerment in the first degree (Penal Law § 120.25). Defendant also appeals from a second judgment convicting him following the same jury trial of arson in the third degree (§ 150.10). Contrary to the contention of defendant, the People were under no obligation to have a certain forensic chemist testify before the grand jury because her opinion of certain test results was favorable to defendant. The People have broad discretion in presenting a case to the grand jury and need not "present all of their evidence tending to exculpate the accused" (*People v Mitchell*, 82 NY2d 509, 515 [1993]; *see People v Smith*, 289 AD2d 1056, 1057 [2001], *lv*

*denied* 98 NY2d 641 [2002]). Assuming, arguendo, that the People's failure to disclose that chemist's opinion constituted a *Brady* violation, we note that, because defendant had a meaningful opportunity to use the allegedly exculpatory material during his case, his right to a fair trial was not violated (*see People v Cortijo*, 70 NY2d 868, 870 [1987]; *People v Yelle*, 303 AD2d 1043, 1044 [2003], *lv denied* 100 NY2d 626 [2003]; *People v Jackson*, 281 AD2d 906, 907 [2001], *lv denied* 96 NY2d 920 [2001]). Contrary to the further contention of defendant, County Court properly denied his motions to strike the testimony of two of the prosecution's expert witnesses as lacking evidentiary foundation. The opinions of the experts rested on facts personally known and testified to by them or on material accepted in their professions as reliable in forming a professional opinion (*see People v Jones*, 73 NY2d 427, 430 [1989]; *People v Mana*, 292 AD2d 863 [2002], *lv denied* 98 NY2d 678 [2002]). We reject the contention of defendant that the razing of the building destroyed his right to a fair trial because exculpatory evidence was destroyed. Defendant did not establish that the potential evidence was material in that it "possesse[d] an exculpatory value evident before its destruction" (*People v Jardin*, 88 NY2d 956, 958 [1996]; *see People v Taylor*, 169 AD2d 791, 792 [1991], *lv denied* 79 NY2d 833 [1991]). We also note that it is undisputed that the building was razed with defendant's consent and without the People's knowledge. The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also People v Miller*, 91 NY2d 372, 380 [1998]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.