■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE CRUZ, Appellant. [876 NYS2d 240]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered June 30, 2006, upon a verdict convicting defendant of the crimes of criminal sale of a

controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

After defendant twice sold heroin to a confidential informant, he was indicted on two counts each of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree. A jury convicted him of all four charges, prompting this appeal.

County Court did not err in permitting the People to amend the indictment. A court may grant the People's application to amend the indictment as to matters such as the place of the crime as long as the amendment does not change the prosecution's theory or prejudice the defendant (see CPL 200.70 [1]). Here, the amendment changed the location from "at or in the vicinity" of a certain building to the vicinity of another building across the same street and a few houses down. The People quickly realized that the original indictment was correct and, only four days after the amendment was granted, successfully sought to amend the indictment back to the place initially stated. This slight change of location for a drug sale in the street did not change the prosecution's theory and did not prejudice defendant (see People v Ward, 27 AD3d 776, 778 [2006], lv denied 7 NY3d 764 [2006]; People v Clapper, 123 AD2d 484, 485 [1986], lv denied 69 NY2d 825 [1987]). Thus, the court did not err in granting the People's two applications to amend the indictment.

Defendant was not denied the effective assistance of counsel. While the failure to present a defense that would be dispositive of the case could establish ineffective assistance, the record does not support defendant's assertion that he had a valid alibi defense (see People v Sieber, 26 AD3d 535, 536 [2006], lv denied 6 NY3d 853 [2006]). The record also fails to support his claim that counsel did not investigate that defense. Counsel indicated on the record that he could not locate two people who were initially identified as alibi witnesses, but that he had addresses for two other witnesses and had met with them at his office. After the People rested, counsel consulted with defendant regarding defense strategy and informed County Court that, "after getting [defendant's] input, . . . and knowing the potential testimony of two witnesses we had planned to call, we have decided we're not going to call those witnesses." A prosecution witness, who testified that he was selling drugs with defendant at the time of these crimes, also testified that defendant planned to create a false alibi similar to the one outlined in the alibi notice. Considering this testimony, the effective cross-examination

of the prosecution's witnesses, and counsel's record assertions that he met with two alibi witnesses and discussed strategy with defendant before opting not to call any witnesses, counsel's decision to not assert the alibi defense was a reasonable strategy which should not be second-guessed (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Damphier*, 13 AD3d 663, 664-665 [2004]). Although ultimately unsuccessful, counsel provided defendant with meaningful representation.

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.