# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

859

KA 09-01480

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MYCHAL A. CARR, DEFENDANT-APPELLANT.

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered May 20, 2009. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i], 20.00), reckless endangerment in the first degree (§§ 120.25, 20.00) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Defendant contends that the People failed to establish his identity as the shooter and thus that the evidence is legally insufficient to support the conviction of attempted murder and reckless endangerment. We reject that contention. The evidence, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish defendant's identity as the shooter (*see People v Adams*, 96 AD3d 1588, 1589). We further conclude that the verdict on those counts is not against the weight of the evidence on the issue of identification (*see id.*; *see generally People v Bleakley*, 69 NY2d 490, 495). The two police officers and the two civilian witnesses who observed the drive-by shooting on Cambridge Avenue testified unequivocally that the shooter was situated in the front passenger seat of the vehicle. During the shooting, the shooter's hat blew off of his head and landed in the middle of the street, and subsequent DNA testing matched defendant's DNA to that found on the hat. Defendant was also the source of the major DNA profile extracted from the .380 semiautomatic handgun recovered in the parking lot where defendant was apprehended, and four fired .380 cartridge cases recovered by the police in the area of Cambridge Avenue exhibited

"class characteristics" that were consistent with being fired from that gun. In addition, a jailhouse informant testified that defendant admitted to the informant that he was the shooter. Although the informant has an extensive criminal history and received a favorable plea deal in exchange for his testimony, we reject defendant's contention that his testimony was incredible as a matter of law (*see People v Morgan*, 77 AD3d 1419, 1420, *lv denied* 15 NY3d 922; *People v Monk*, 57 AD3d 1497, 1499, *lv denied* 12 NY3d 785; *People v Pace*, 305 AD2d 984, 985, *lv denied* 100 NY2d 585). The jury was informed of the nature of the informant's plea deal as well as the details of his prior criminal conduct, including his rape of a six-year-old girl, and we see no basis to disturb its credibility determination (*see Morgan*, 77 AD3d at 1420; *Pace*, 305 AD2d at 985).

Defendant further contends that the evidence is legally insufficient to support his conviction of criminal possession of a weapon in the second degree because the .380 semiautomatic handgun was not loaded when defendant was apprehended by the police and the gun was recovered. We reject that contention. "[B]ased on the evidence adduced at the trial, a rational jury could have inferred that, at some point before the defendant's apprehension by the police and the concomitant recovery of the weapon, he possessed a firearm loaded with operable ammunition with the intent to use it unlawfully against another" (*People v Bailey*, 19 AD3d 431, 432, *lv denied* 5 NY3d 785). The People introduced, inter alia, testimony that the handgun at issue holds up to six bullets, five in the magazine and one in the chamber. As noted above, the police recovered four .380 caliber casings on Cambridge Avenue, and a police witness testified that defendant fired two shots at his police car while he was pursuing defendant after the drive-by shooting.

We also reject the contention of defendant that County Court erred in refusing to suppress DNA and fingerprint evidence as the fruit of an unlawful arrest. The police observed defendant and two other males in a parking lot around the corner from the abandoned vehicle involved in the drive-by shooting within a minute after the vehicle was discovered. The three individuals matched the general description of the perpetrators. As the police approached the three men in a marked patrol vehicle, two of the individuals fled and defendant attempted to evade the police by forcing his way into an apartment building. We conclude that defendant's attempt to evade the police and the flight of the other two individuals, coupled with defendant's temporal and geographic proximity to the abandoned vehicle, provided the police with the requisite reasonable suspicion that defendant had committed a crime, i.e., that he was one of the occupants of the vehicle involved in the drive-by shooting and high-speed chase (*see People v Knight*, 94 AD3d 1527, 1529; *People v Butler*, 81 AD3d 484, 485, *lv denied* 16 NY3d 893; *People v Jackson*, 78 AD3d 1685, 1685-1686, *lv denied* 16 NY3d 743). Further, defendant provided inconsistent explanations to the police regarding the reason for his presence in the parking lot, and the female resident who blocked defendant's entrance to the apartment building told the police that she did not know defendant. Once the police located the handgun in the parking lot where defendant and the two other individuals had been

found, the police had probable cause to arrest defendant.  We thus conclude that the court properly denied defendant's suppression motion (*see Knight*, 94 AD3d at 1528; *see generally Butler*, 81 AD3d at 485).

Contrary to the further contention of defendant, we conclude that the court properly granted the People's motion to amend the first count of the indictment to specify Erie County as the situs of the crime (*see* CPL 200.70; *People v Cruz*, 61 AD3d 1111, 1112; *People v DeSanto*, 217 AD2d 636, 636, *lv denied* 87 NY2d 972).  The indictment was amended "during [the] trial" as required by CPL 200.70 (*see generally* CPL 260.30; *People v Griffin*, 9 AD3d 841, 843), and the amendment did not change the prosecution's theory or prejudice defendant (*see Cruz*, 61 AD3d at 1112).  The caption of the indictment specifies Erie County, the first count of the indictment states that "THE GRAND JURY OF THE COUNTY OF ERIE" accuses defendant of attempted murder in the first degree and the remaining counts of the indictment all include the language "in this County."  Further, the bill of particulars specifies with respect to count one of the indictment that the alleged crime occurred "in the vicinity of Goodyear Avenue in the City of Buffalo, County of Erie."  We thus conclude that the court "providently exercised its discretion in permitting the prosecution to amend [count one of] the indictment to allege the county where the alleged offense occurred" (*Matter of Blumen v McGann*, 18 AD3d 870, 870-871; *see People v Eaddy*, 181 AD2d 946, 947-948, *lv denied* 79 NY2d 1048).

Defendant contends that the grand jury proceedings were defective because the People failed to present allegedly exculpatory evidence.  We reject that contention.  It is well established that "[t]he People have broad discretion in presenting a case to the grand jury and need not 'present all of their evidence tending to exculpate the accused' " (*People v Radesi*, 11 AD3d 1007, 1007, *lv denied* 3 NY3d 760, quoting *People v Mitchell*, 82 NY2d 509, 515; *see People v Morris*, 204 AD2d 973, 974, *lv denied* 83 NY2d 1005).  Here, the testimony of one of the officers at the felony hearing that another codefendant was situated in the front passenger seat of the vehicle involved in the shooting was not "entirely exculpatory" (*People v Gibson*, 260 AD2d 399, 399, *lv denied* 93 NY2d 924), and the failure to present such testimony at the grand jury "did not result in a 'needless or unfounded prosecution' " (*People v Smith*, 289 AD2d 1056, 1057, *lv denied* 98 NY2d 641, quoting *People v Valles*, 62 NY2d 36, 38).  Thus, the People's failure to present such evidence to the grand jury does not require dismissal of the indictment (*see Smith*, 289 AD2d at 1057; *Gibson*, 260 AD2d at 399; *People v Dillard*, 214 AD2d 1028, 1028).

Defendant failed to preserve for our review his contention that he is entitled to a new trial based upon the People's delay in turning over prior statements of the jailhouse informant (*see People v Rodriguez*, 293 AD2d 336, 337, *lv denied* 98 NY2d 713; *People v Perdomo*, 280 AD2d 617, 617; *People v Bradl*, 231 AD2d 895, 895), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court