# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

512

KA 10-01490

PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                              V                              MEMORANDUM AND ORDER

RICHARD M. LEONARD, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 25, 2010. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and unlawfully dealing with a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [2]) and unlawfully dealing with a child in the first degree (§ 260.20). In appeal No. 2, defendant appeals from an order denying his motion seeking to vacate the judgment of conviction pursuant to CPL 440.10 on the grounds that he was denied effective assistance of counsel and that the grand jury proceedings were impaired by prosecutorial misconduct.

Addressing first appeal No. 2, we conclude that County Court properly denied without a hearing that part of defendant's CPL 440.10 motion alleging that he was denied effective assistance of counsel "inasmuch as trial counsel, the only person who could have provided any material information not already before the motion court, was deceased" (*People v Abuhamra*, 107 AD3d 1630, 1630, *lv denied* 22 NY3d 1038 [internal quotation marks omitted]). With respect to the merits of the CPL 440.10 motion, defendant contends that he was denied effective assistance of counsel because trial counsel failed to utilize, as part of his defense strategy, certain prior statements made by a witness to the police that were allegedly inconsistent with the witness's trial testimony and because trial counsel failed to request a limiting instruction after introduction of certain evidence admitted under a *Molineux* exception (*see People v Molineux*, 168 NY

264, 293).  We see no basis for granting postconviction relief to defendant on either ground.

Under New York's "flexible standard" of evaluating claims of ineffective representation (*People v Benevento*, 91 NY2d 708, 712), so long as "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation," counsel's performance will not be found ineffective (*People v Baldi*, 54 NY2d 137, 147).  "Isolated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is 'so serious that defendant did not receive a fair trial' " (*People v Henry*, 95 NY2d 563, 565-566; *see People v Flores*, 84 NY2d 184, 188-189).  Moreover, a defendant advancing an ineffectiveness claim based on particular errors in counsel's performance must "demonstrate the absence of strategic or other legitimate explanations" for the alleged deficiencies (*People v Rivera*, 71 NY2d 705, 709; *see People v Taylor*, 1 NY3d 174, 177).  With respect to the first ground asserted by defendant, even assuming, arguendo, that the evidence of the witness's prior statements to the police would have been admissible, either to impeach that witness or on defendant's direct case, we conclude that defendant has not established that trial counsel's failure to utilize those statements demonstrated a lack of strategy.  Rather, we conclude that defendant's contention reflects a mere disagreement with trial strategy, which does not amount to ineffective assistance of counsel (*see People v Stepney*, 93 AD3d 1297, 1298, *lv denied* 19 NY3d 968; *People v Douglas*, 60 AD3d 1377, 1377, *lv denied* 12 NY3d 914).

With respect to the second ground asserted by defendant, we conclude that any error on trial counsel's part in not requesting a limiting instruction regarding the evidence of past uncharged crimes does not rise to the level of ineffective assistance of counsel when that error is viewed in light of trial counsel's "entire representation of defendant" (*People v Oathout*, 21 NY3d 127, 132; *see Flores*, 84 NY2d at 188).  We reject defendant's related contention in appeal No. 2 that the integrity of the grand jury proceedings was impaired by the prosecutor's failure to introduce the witness's prior statements to the police.  Dismissal of an indictment on the ground that "the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]) is an "exceptional remedy" (*People v Darby*, 75 NY2d 449, 455).  Dismissal is "limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (*People v Huston*, 88 NY2d 400, 409), and "[t]he People have broad discretion in presenting a case to the grand jury and need not 'present all of their evidence tending to exculpate the accused' " (*People v Radesi*, 11 AD3d 1007, 1007, *lv denied* 3 NY3d 760, quoting *People v Mitchell*, 82 NY2d 509, 515; *see People v Carr*, 99 AD3d 1173, 1176, *lv denied* 20 NY3d 1010).  Here, we conclude that the prior statements made by the witness to the police were not "entirely exculpatory" (*People v Gibson*, 260 AD2d 399, 399, *lv denied* 93 NY2d 924), and that the failure to present those statements to the grand

jury "did not result in a needless or unfounded prosecution" (*People v Smith*, 289 AD2d 1056, 1057, *lv denied* 98 NY2d 641 [internal quotation marks omitted]).

We reject defendant's contention in appeal No. 1 that the court erred in admitting evidence of defendant's prior uncharged sexual abuse of the victim which, according to the victim's testimony, also occurred while she was unconscious from alcohol intoxication. "The general rule is that evidence of . . . uncharged crimes may not be offered to show defendant's bad character or his propensity towards crime but may be admitted only if the acts help establish some element of the crime under consideration or are relevant because of some recognized exception to the general rule" (*People v Lewis*, 69 NY2d 321, 325; *see Molineux*, 168 NY at 293). Here, we conclude that the evidence of uncharged crimes was admissible to establish intent and motive under the first two exceptions specifically identified in *Molineux's* illustrative and nonexhaustive list (*see id.* at 293; *see also People v Alvino*, 71 NY2d 233, 241-242; *People v Calvano*, 30 NY2d 199, 205-206). Specifically, the disputed evidence was relevant to the issue whether defendant intended to commit the instant crime for the purpose of sexual gratification (*see* Penal Law §§ 130.00 [3]; 130.65 [2]), and to establish defendant's motive in providing a large quantity of alcohol to the victim. Consequently, "the evidence in this case was not propensity evidence, but was probative of [defendant's] motive and intent to [sexually] assault his victim" (*People v Dorm*, 12 NY3d 16, 19). Moreover, the evidence was also admissible under a more recently recognized *Molineux* exception, i.e., to "provide[] necessary background information on the nature of the relationship" between defendant and the victim (*Dorm*, 12 NY3d at 19; *see People v Leeson*, 12 NY3d 823, 827) and thus, we conclude that the court did not abuse its discretion in allowing the People to present the evidence at issue (*see People v Ventimiglia*, 52 NY2d 350, 359-360). Furthermore, we reject defendant's contention in appeal No. 1 that the court abused its discretion in admitting the evidence of the prior uncharged sexual abuse because a grand jury did not indict defendant of that crime. Defendant has failed to provide any proof in the record to support that claim and, in any event, there is no such requirement for the admission of prior uncharged crimes under *Ventimiglia* (*see id.* at 359-362; *see also People v Richardson*, 148 AD2d 476, 477).

Finally, we agree with defendant and the People that the certificate of conviction, which recites that defendant was convicted of the crime of sexual abuse in the first degree occurring on or about June 5, 2005, must be amended to reflect the correct date on which the crime for which defendant was convicted occurred, namely, on or about October 6-7, 2007 (*see People v Young*, 74 AD3d 1864, 1865, *lv denied* 15 NY3d 811; *see also People v Brooks*, 46 AD3d 1374, 1374).

Entered: June 19, 2015                    Frances E. Cafarell
                                          Clerk of the Court