People v Wilcher (2018 NY Slip Op 00956)





People v Wilcher


2018 NY Slip Op 00956


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


7 KA 12-01637

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUIS T. WILCHER, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
MARQUIS T. WILCHER, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered March 12, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of criminal sale of a controlled substance in the first degree (Penal Law § 220.43 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]). Defendant failed to preserve for our review the contention in his main brief that the evidence is legally insufficient to support the conviction because the testimony of the confidential informant was incredible as a matter of law (see People v Gaston, 100 AD3d 1463, 1464 [4th Dept 2012]; see also People v Gray, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit. The confidential informant's testimony "was not incredible as a matter of law inasmuch as it was not impossible of belief, i.e., it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (People v Harris, 56 AD3d 1267, 1268 [4th Dept 2008], lv denied 11 NY3d 925 [2009]). The confidential informant's extensive criminal history and receipt of favorable treatment in exchange for his testimony do not render his testimony incredible as a matter of law (see People v Hodge, 147 AD3d 1502, 1503 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; People v Carr, 99 AD3d 1173, 1174 [4th Dept 2012], lv denied 20 NY3d 1010 [2013]). Those facts were placed before the court, and we see no basis to disturb its credibility determination (see Carr, 99 AD3d at 1174). Furthermore, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction with respect to each count (see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Bausano, 122 AD3d 1341, 1342 [4th Dept 2014], lv denied 25 NY3d 1069 [2015]; People v Nicholson, 238 AD2d 924, 924 [4th Dept 1997], lv denied 90 NY2d 908 [1997]). Additionally, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in his main brief that the verdict is against the weight of the evidence (see Bleakley, 69 NY2d at 495).
We reject defendant's further contention in his main and pro se supplemental briefs that he was denied effective assistance of counsel. We conclude that defendant has not sustained his burden of establishing "that his attorney failed to provide meaningful representation' that compromised his right to a fair trial' " (People v Pavone, 26 NY3d 629, 647 [2015]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation (see People v Baldi, 54 NY2d 137, 147 [1981]), we conclude that defendant received meaningful representation (see generally People v Wragg, 26 NY3d 403, 409 [2015]). [*2]To the extent that defendant raises in his main and pro se supplemental briefs contentions regarding alleged instances of ineffective assistance of counsel that are based upon matters outside the record on appeal, those contentions must be raised by way of a motion pursuant to CPL 440.10 (see People v Streeter, 118 AD3d 1287, 1289 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014]).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Finally, we have considered the remaining contentions raised by defendant in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court